UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON ANGELO DAVIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RALPH DIAZ, et al.,<br><br>　　　　Defendants. | Case No. 19-CV-00044 LHK (PR)<br><br>**ORDER OF TRANSFER** |

This case was opened when plaintiff, who is currently in custody at High Desert State Prison ("HDSP") in Susanville, California, filed a *pro se* complaint under 42 U.S.C. § 1983 on the court's civil rights form. Dkt. No. 1. He has also filed an application for *in forma pauperis* ("IFP") status. Dkt. No. 8.

It is not clear whether plaintiff intends to file a civil rights action or a habeas action. In his complaint, under the "Parties" section, plaintiff seems to take issue with the conditions of his confinement because he lists as named defendants Acting Secretary for the California Department of Corrections and Rehabilitation Ralph Diaz and former HDSP Warden Marion Spearman. Dkt. No. 1 at 2. Meanwhile, under the "Statement of Claim" section, plaintiff's claims are difficult to decipher, but he seems to be challenging the execution of his sentence. *Id.* Finally, under the "Relief" section, plaintiff requests to be released and awarded monetary compensation "for every day past the max of 4 years, or one million of punitive damages." *Id.*

Case No. 19-CV-00044 LHK (PR)
ORDER OF TRANSFER

If this is a habeas case, venue is proper in either the district of confinement or the district of conviction. *See* 28 U.S.C. § 2241(d). If the petition is directed to the manner in which a sentence is being executed, e.g., if it involves parole or time credits claims, the district of confinement is the preferable forum. *See* Habeas L.R. 2254-3(b)(2); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). As mentioned above, Petitioner seems to be challenging the execution of his sentence. Thus, if this action is construed as a habeas case, it should preferably be heard in the district of confinement. Plaintiff is currently in custody at HDSP in Susanville, which lies in the Eastern District of California. The Eastern District of California is the district of confinement, and thus it would be the proper venue for such a habeas action. If this action is a civil rights case attacking his conditions of confinement at HDSP, the proper venue also would also be in the Eastern District, where the putative defendants would be found and where the claims arose. *See* 28 U.S.C. § 1391(b). However, the court need not decide whether this action should be treated as a habeas case or a civil rights case, because either way the preferable venue is in the Eastern District.

Accordingly, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this case is **TRANSFERRED** to the United States District Court for the Eastern District of California. The Clerk of the Court is directed to transfer the case forthwith.

All remaining motions are TERMINATED on this court's docket as no longer pending in this district.

**IT IS SO ORDERED.**

Dated: February 4, 2019

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

Case No. 19-CV-00044 LHK (PR)
ORDER OF TRANSFER